UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **NAVADA LAVELLE FOSTER**<br>    **LA. DOC #381340**<br>**VS.**<br><br>**OUACHITA CORRECTIONS**<br>**CENTER** | **CIVIL ACTION NO. 3:14-cv-0862**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES**<br><br>**MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Pro se petitioner Navada Lavelle Foster, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on April 22, 2014. Petitioner claims that concurrent sentences were ordered by the Fourth Judicial District Court at the time he entered his plea; however, he is being made to serve the sentences consecutively, presumably by the Department of Corrections. He asks the Court to order his custodian to correct the sentence. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Background*

On August 26, 2003, petitioner pled guilty to a charge of illegal use of a weapon in case number 03F1090 of the Fourth Judicial District Court, Ouachita Parish. He was sentenced to serve 31 months in custody.  He claims that he was also convicted of other crimes in case numbers 06F3087 and 12F1128. According to petitioner the sentences on all three convictions were supposed to be served concurrently; however, the respondent is making him serve these sentences consecutively.  He also complains that the Court ordered credit for time served;

however, he has not been allowed the credit.  He also complains that the respondent will not allow him access to the courts to correct the mistakes regarding the execution of the three sentences.  He claims to have tried to obtain judicial review of his predicament in both the Fourth Judicial District Court and the Second Circuit Court of Appeals but in both instances his pleadings were rejected.

On April 23, 2014, he filed what purports to be a copy of the application for post-conviction relief filed in the Fourth Judicial District Court on or about February 28, 2014. The application attacked his 2012 convictions for possession with intent to distribute cocaine and possession of a firearm in case numbers 06F3087 and 12F1128 of the Fourth Judicial District Court.  In the pleading he alleged that he had previously filed a petition for writ of habeas corpus in the Fourth Judicial District Court raising the claim that he pled guilty based upon an agreement that his sentences would be served concurrently. He claimed that this pleading is still pending in the Fourth Judicial District Court. He also alleged, "In exchange for a guilty plea, I was to be given a concurrent sentence to all other convictions I have been serving and time credit retroactive for all liberty restraint I have spent in custody. The amount is 3 ½ years inclusive 11 month and 26 days."

## Law and Analysis

State prisoners, such as petitioner, may seek review of their custody under the federal *habeas corpus* statutes pursuant to 28 U.S.C. §§2241 and 2254. Generally, *habeas* petitions filed pursuant to Section 2241 challenge the <u>manner</u> in which a sentence is executed or carried out, whereas Section 2254 provides the means to collaterally attack the state court conviction and sentence. *See*, *e.g., Prieser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (recognizing that the specific remedy found in 28 U.S.C. § 2254 is recognized as the exclusive

avenue for challenging the legality of a state court conviction); *Carmona v. Andrews*, 357 F.3d 535, 537 (5th Cir.2004) (distinguishing the jurisdiction conferred under § 2241 and § 2254 for purposes of venue); *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir.2000) (distinguishing mechanisms for post-conviction relief under § 2241 and § 2255).

The requirement of exhaustion of state court remedies in a federal *habeas corpus* proceeding filed pursuant to 28 U.S.C. §2254 is well established.  A petitioner seeking federal *habeas corpus* relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies.  *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198 (1982); *Minor v. Lucas,* 697 F.2d 697 (5th Cir. 1983).  The exhaustion requirement is a judicial abstention policy developed "to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509 (1971);  *Shute v. Texas,* 117 F.3d 233 (5th Cir. 1997)*.* In order to satisfy the exhaustion requirement, the petitioner must have provided all state courts that could review the matter with a fair opportunity to review all of his *habeas corpus* claims before a federal court will review those claims.  *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 277 (1982); *Picard*, 404 U.S. 270.  The exhaustion requirement was written into the statute with the passage of the AEDPA. See 28 U.S.C. §2254(b).

With regard to *habeas* petitions filed under 28 U.S.C. §2241 by state prisoners, there is no express statutory requirement that the inmate exhaust state court remedies prior to asserting his claims in federal court.  However, the jurisprudence requires persons seeking such relief pursuant to §2241 to first exhaust state court remedies before seeking federal intervention.  *See Dickerson v. Louisiana,* 816 F.2d 220, 225 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987); *Braden*

*v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489-90, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Robinson v. Wade*, 686 F.2d at 303, n. 8 ("Although section 2241 contains no statutory requirement of exhaustion like that found in section 2254(b), exhaustion of state remedies has been held a necessary prelude to its invocation.")

It is not clear whether petitioner seeks to collaterally attack his guilty pleas, or whether he is attacking the manner in which his sentence is being executed. In either case, however, he must first exhaust available state court remedies, or demonstrate the absence of such remedies before he can proceed in this Court.

Petitioner admits that he has not exhausted State court remedies; however, he suggests that such remedies are unavailable. This claim is dubious at best. It appears from the exhibits submitted that his application for post-conviction relief and his application for habeas corpus both remain pending in the Fourth Judicial District Court. In the event petitioner seeks a speedier resolution of his claims, he should invoke the supervisory jurisdiction of the appropriate Court of Appeals and thereafter, the Louisiana Supreme Court. Petitioner has neither demonstrated exhaustion of state court remedies nor the absence of same and his petition, whether arising under Section 2241 or Section 2254 must be dismissed at this time.

Therefore,

**IT IS RECOMMENDED** that this *habeas corpus* petition (28 U.S.C. §§2241or 2254) be **DISMISSED WITHOUT PREJUDICE** because petitioner failed to exhaust available State court remedies or establish the absence of same.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another

party's objections within fourteen (14) after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed in Chambers, Monroe, Louisiana, April 28, 2014.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**